UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-00039-TWP-MPB |
| | ) |
| WEXFORD OF INDIANA LLC, | ) |
| PHILLIPS Nurse, | ) |
| JESSE Nurse, | ) |
| WALTON Nurse, | ) |
| | ) |
| Defendants. | ) |

**Order Screening Amended Complaint, Dismissing Insufficient Claims, and
Directing Service of Process**

Plaintiff John Doe, at relevant times an inmate at New Castle Correctional Facility (NCCF) filed this action pursuant to 42 U.S.C. § 1983. Because Mr. Doe is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his amended complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the amended complaint, or any portion of the amended complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Complaint

Mr. Doe's amended complaint is the same in content as his original complaint. However, he received permission to proceed under a pseudonym and was directed to file an amended complaint that replaced his name with "John Doe." *See* dkt. 11.

The amended complaint names four defendants: (1) Wexford of Indiana, LLC; (2) Nurse Phillips; (3) Nurse Jesse; and (4) Nurse Walton.

Mr. Doe is HIV-positive. According to his complaint, on October 11, 2019, he was called out of his housing unit for his morning medication distribution. Mr. Doe waited in line with other inmates to receive his medication. When he went to the window from which medication was distributed, he saw that Nurse Phillips had created a list that "was on full display in the medication window" which included the names of inmates, what medications they were receiving, and the reason for the medication. (Dkt. 13 at 3). Once Nurse Phillips provided an inmate with his medication, she would scratch his name off the list with a pen. However, Mr. Doe's medical information was visible to any inmate who preceded him in line. Mr. Doe asked Nurse Phillips why she would create a list that would expose his medical information to other inmates, and she responded that it was to make the medication line go faster.

Mr. Doe submitted an informal grievance to the Wexford Health Services Administrator (HSA) Ms. Hord. On October 17, 2019, HSA Hord interviewed Mr. Doe and told him she thought the staff did nothing wrong. Displeased with her response, Mr. Doe filed a grievance.

On October 19, 2019, Mr. Doe was called out for his medication. Nurse Jesse handled the medication distribution in the same manner as Nurse Phillips: creating and relying on a list that included inmates' names, medications, and diagnosis that was visible to inmates in the medication line. Nurse Jesse also told Mr. Doe that the purpose of the list was to make the medication line move faster. Mr. Doe filed another grievance and received the same response—that the staff did nothing wrong.

This pattern was repeated with Nurse Walton on October 27, 2019. Nurse Walton distributed medication to the inmates by relying on a list that included names, medications, and diagnosis in order for the line to move faster.

On November 24, 2019, Nurse Phillips again distributed medication by relying on a visible list. Mr. Doe sought out Officer Graham to accompany him to the medication window so that Officer Graham could verify that the list was visible. Mr. Doe showed Nurse Phillips his identification card and then asked her for the list she created. She would not give it to him. He said that Officer Graham wanted to take the list. At that point, she folded the list in half and apologized to Mr. Doe for exposing his medical information. Officer Graham advised Mr. Doe to file a grievance.

Mr. Doe wrote an additional request for interview to the HSA and Warden Sevier on November 24, 2019, expressing his concerns with the medical staff exposing his sensitive medical information. He received no response.

Mr. Doe alleges that the exposure of his HIV diagnosis has resulted in "taunting and complete ostracism from other inmates, causing a substantial risk for his harm, severe embarrassment, humiliation, mental anguish and psychological and emotional distress." (Dkt. 13

at 8). Other inmates have shunned Mr. Doe, asked him not to launder his clothes with other inmates' laundry, and have screamed epithets at him. *Id.*

Mr. Doe alleges that the nurses' exposure of his medical information was due to Wexford's failure to properly train, instruct, and discipline staff, its failure to investigate allegations of improper conduct, and its failure to discipline or terminate employees who violated inmates' rights.

Mr. Doe seeks compensatory and punitive damages. He also asks for injunctive relief in the form of Wexford adopting a policy that will protect the privacy rights of HIV-positive inmates.

### III. Discussion of Claims

Whether inmates have a right to privacy in their medical information—particularly their HIV status—remains an open question in the Seventh Circuit. The Seventh Circuit last addressed this issue in dicta in 1995 in *Anderson v. Romero*, 72 F.3d 518, 523 (7th Cir. 1995). The court surmised that a claim like Mr. Doe's may fit better as an Eighth Amendment claim than a Fourteenth Amendment claim, stating, "[I]f prison officials disseminated humiliating but penologically irrelevant details of a prisoner's medical history, their action might conceivably constitute the infliction of cruel and unusual punishment." *Id.* However, the court in *Anderson* did not explicitly disavow a potential claim under the Fourteenth Amendment. *See Simpson v. Joseph*, 2007 WL 433097, *13 (E.D. Wis. 2007) (finding it plausible that the *Anderson* court was not foreclosing the Fourteenth Amendment as a basis for relief "but rather, it was recognizing that, irrespective of such a right, certain medical disclosures could be actionable if they rose to the level of cruel and unusual punishment under the Eighth Amendment.") Since *Anderson*, several circuits have held that inmates have a right to medical privacy under the Fourteenth Amendment. *See Doe v. Delie*, 257 F.3d 309, 317 (3d Cir. 2001); *Powell v. Schriver*, 175 F.3d 107, 112 (2d Cir. 1999);

*Moore v. Prevo*, 379 Fed. App'x 425, 427, 2010 WL 1849208 (6th Cir. May 6, 2010) (recognizing inmate's right to privacy from disclosure of HIV status to other inmates).

In light of the evolving caselaw since *Anderson*, the Court finds that Mr. Doe has pled viable Eighth and Fourteenth Amendment claims. Mr. Doe's Eighth and Fourteenth amendment claims **shall proceed** against the defendants, including a policy claim against Wexford.

Mr. Doe also alleges violations of the First and Fourth Amendments but include no facts that support a claim under those amendments. Thus, any claim under the First or Fourth Amendment is **dismissed for failure to state a claim upon which relief can be granted**.

This summary of claims includes all of the viable claims identified by the Court. If Mr. Doe believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through September 3, 2020**, in which to identify those claims.

### IV. Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to **issue process** to defendants (1) Wexford of Indiana, LLC; (2) Nurse Phillips; (3) Nurse Jesse; and (4) Nurse Walton in the manner specified by Rule 4(d). Process shall consist of the unredacted complaint, dkt. [1], the amended complaint, dkt. [13], the Order permitting the plaintiff to proceed under the alias "John Doe", dkt. [11], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve Wexford of Indiana, LLC, electronically.

Defendants Nurse Phillips, Nurse Jesse, and Nurse Walton are identified as employees of Wexford of Indiana, LLC. A copy of this Order and the process documents shall also be served on Wexford electronically. Wexford is **ordered** to provide the full name and last known home address

of any defendant who does not waive service if they have such information. This information may be provided to the Court informally or may be filed *ex parte*.

**IT IS SO ORDERED.**

Date: 8/4/2020

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JOHN DOE
RESTRICTED NAME AND ADDRESS AT DKT. 12

Electronic service to Wexford of Indiana, LLC

Nurse Phillips
Medical Professional
New Castle Correctional Facility
1000 Van Nuys Road
P.O. Box E
New Castle, IN 47362

Nurse Jesse
Medical Professional
New Castle Correctional Facility
1000 Van Nuys Road
P.O. Box E
New Castle, IN 47362

Nurse Walton
Medical Professional
New Castle Correctional Facility
1000 Van Nuys Road
P.O. Box E
New Castle, IN 47362